IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL H. HOLLAND, MICHEAL W. BUCKNER, A. FRANK DUNHAM and ELLIOT A. SEGAL as Trustees of the UNITED MINE WORKERS OF AMERICA 1992 BENEFIT PLAN 2121 K Street, NW Washington, DC 20037<br><br>     Plaintiffs,<br>   v.<br><br>DOSS FORK COAL COMPANY, INC. a corporation P.O. Box 1030 Bluefield, VA 24605<br><br>     Defendant. | Civil Action No. |

## C O M P L A I N T

1. Plaintiffs, Michael H. Holland, Micheal W. Buckner, A. Frank Dunham and Elliot A. Segal are Trustees of the United Mine Workers of America 1992 Benefit Plan ("1992 Plan"). The Trustees are fiduciaries with respect to the 1992 Plan within the meaning of Section 3(21)(A) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(21)(A).  The Trustees conduct the business of the 1992 Plan at 2121 K Street, NW, Washington, DC 20037.

2. The 1992 Plan is an irrevocable trust fund created pursuant to Section 9712 of the Coal Industry Retiree Health Benefit Act of 1992 ("the Coal Act"), 26 U.S.C. § 9712.

3.      The 1992 Plan is a plan described in Section 302(c)(5) of the Labor Management Relations Act, 29 U.S.C. §186(c)(5); an employee welfare benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3); and a multiemployer plan within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37).

4.      Defendant Doss Fork Coal Company, Inc. is or was a Virginia corporation, with an office and/or address at 356 S. College Ave., P.O. Box 1030, Bluefield, VA 24605.

5.      Jurisdiction is conferred on this Court by Section 9721 of the Coal Act, 26 U.S.C. § 9721; Section 4301(d) of ERISA, 29 U.S.C. § 1451(d); and Section 502(e) of ERISA, 29 U.S.C. § 1132(e).

6.      Venue is proper in this district under Section 9721 of the Coal Act, 26 U.S.C. § 9721; Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2); and Section 4301(d) of ERISA, 29 U.S.C. § 1451(d), in that Plaintiff, the 1992 Plan, administers its normal business activities within this district.

7.      Defendant is or was engaged in operating a certain coal mine, or mines, or coal mining business and/or transporting or cleaning coal.

8.      Defendant is a "1988 Last Signatory Operator" as that term is defined in Section 9712(d)(6) of the Coal Act, 26 U.S.C. § 9712(d)(6).

9.      Under the Coal Act, each 1988 last signatory operator is required to finance the benefits provided under the 1992 Plan through several mechanisms, including the provision of security equal to a portion of the projected future cost of providing benefits for beneficiaries attributable to the operator. 26 U.S.C. § 9712(d)(1)(C).

10.     As set forth in Section 9712(d)(1)(C) of the Coal Act, Article XI(4) of the 1992 Plan Agreement and Declaration of Trust and the rules adopted by the 1992 Plan Trustees, all

1988 last signatory operators shall provide security for the benefit of the 1992 Plan against the event that the operator may fail or cease to provide the requisite benefits or the event that beneficiaries attributable to such operator must be enrolled to receive their benefits from the 1992 Plan. Such security shall be provided every year in the form of a conforming bond, letter of credit, or cash escrow, in an amount equal to the cost of providing health benefits for one year for all beneficiaries attributed to the company by the 1992 Plan, and all beneficiaries under Section 9711 of the Coal Act, 26 U.S.C. § 9711, who are receiving health benefits from the individual company plan. That amount of security must be recalculated annually. To the extent security previously provided is less than the required amount, the operator must provide additional security.

11.    To date, Defendant has not provided security to the 1992 Plan for any plan year.

12.    Defendant is liable for providing security to the 1992 Plan based on each eligible and potentially eligible beneficiary for 2007 at the cost of one year of providing health benefits for each beneficiary at the following rate:

2007             $5,716.00

13.    The 1992 Plan has calculated Defendant's delinquent provision of security, based on an estimated number of beneficiaries, as follows:

| Year | Rate | Beneficiaries (estimated) | Total |
|------|------|---------------------------|-------|
| 2007 | $5,716.00 | 11 | $62,876.00 |

14.    In connection with this security requirement, each 1988 last signatory operator is required to report to the 1992 Plan concerning the status of its individual employer health plan

provided for its retirees, including reporting the number of beneficiaries attributable to the operator who are potentially eligible for the 1992 Plan.

15.     Defendant has failed to submit the required report and calculation information to the 1992 Plan, including reporting the number of its beneficiaries.  Therefore, Defendant has knowingly withheld information from the 1992 Plan, and the amount of security to be provided may be subject to change.

16.     By reason of Defendant's conduct in failing to provide the required security, the 1992 Plan faces immediate and irreparable harm.

WHEREFORE, the Plaintiffs pray for the following relief:

a)     A declaration that Defendant has not provided security to the 1992 Plan as required by the Coal Act;

b)     An order requiring Defendant to submit completed Security Reporting and Calculation Forms to the 1992 Plan;

c)     An order requiring Defendant to comply with the security requirements of the Coal Act by providing security in an appropriate form and amount to the 1992 Plan;

d)     A permanent injunction enjoining Defendant from failing to provide security to the 1992 Plan;

e)     Judgment for attorneys' fees, and other costs and disbursements in this action;

f)     That the Court retain jurisdiction of this case pending compliance with its orders; and

g)    For such other and further relief as the Court may deem just.

Respectfully submitted,

DAVID W. ALLEN
General Counsel
DC Bar #81638


LARRY D. NEWSOME
Associate General Counsel
DC Bar #254763


KATHLEEN B. BURNS
Senior Associate Counsel
DC Bar # 492460

UMWA HEALTH & RETIREMENT FUNDS
Office of the General Counsel
2121 K Street, NW
Washington, DC  20037
Telephone:  (202) 521-2233

Attorneys for Plaintiffs

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Michael H. Holland, Micheal W. Buckner, A. Frank Dunham & Elliot A. Segal as Trustees of the United Mine Workers of America 1992 Benefit Plan | Doss Fork Coal Company, Inc. |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF     11001
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    88888
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Larry D. Newsome, Associate General Counsel
Kathleen B. Burns, Senior Associate Counsel
UMWA Health & Retirement Funds
2121 K Street, N.W.
Washington, D.C. 20037
(202) 521-2233

ATTORNEYS (IF KNOWN)

Mary Lou Smith
Howe, Anderson & Steyer, P.C.
Suite 620
815 Connecticut Avenue, N.W.
Washington, D.C. 20006
(202) 296-5680

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ◉ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

- ○ **A. Antitrust**
  - ☐ 410 Antitrust

- ○ **B. Personal Injury/ Malpractice**
  - ☐ 310 Airplane
  - ☐ 315 Airplane Product Liability
  - ☐ 320 Assault, Libel & Slander
  - ☐ 330 Federal Employers Liability
  - ☐ 340 Marine
  - ☐ 345 Marine Product Liability
  - ☐ 350 Motor Vehicle
  - ☐ 355 Motor Vehicle Product Liability
  - ☐ 360 Other Personal Injury
  - ☐ 362 Medical Malpractice
  - ☐ 365 Product Liability
  - ☐ 368 Asbestos Product Liability

- ○ **C. Administrative Agency Review**
  - ☐ 151 Medicare Act
  - Social Security:
  - ☐ 861 HIA ((1395ff)
  - ☐ 862 Black Lung (923)
  - ☐ 863 DIWC/DIWW (405(g)
  - ☐ 864 SSID Title XVI
  - ☐ 865 RSI (405(g)
  - Other Statutes
  - ☐ 891 Agricultural Acts
  - ☐ 892 Economic Stabilization Act
  - ☐ 893 Environmental Matters
  - ☐ 894 Energy Allocation Act
  - ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

- ○ **D. Temporary Restraining Order/Preliminary Injunction**

  Any nature of suit from any category may be selected for this category of case assignment.

  *(If Antitrust, then A governs)*

---

- ○ **E. General Civil (Other)**    **OR**    ○ **F. Pro Se General Civil**

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G.** *Habeas Corpus/* *2255* | ○ **H.** *Employment* *Discrimination* | ○ **I.** *FOIA/PRIVACY* *ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>^(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br><br><br>^(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ◉ **K.** *Labor/ERISA* *(non-employment)* | ○ **L.** *Other Civil Rights* *(non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☒ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Trustee action for delinquent contributions under the Coal Industry Retiree Health Benefit Act of 1992, 26 USC 9701 & ERISA, 29 USC 1001 et seq.

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint   JURY DEMAND:   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE *5/7/07*   SIGNATURE OF ATTORNEY OF RECORD *Kathleen B. Burns*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.